ADAMS, Justice.
This is an appeal by the plaintiff, Johan-nus B. Van Ryswyk, from a summary judgment in favor of Berwick Bay Oil Company, Inc. Counts One and Two of the complaint alleged breach of an oral employment contract for five years and misrepresentation with regard to a future act. The plaintiff concedes that the summary judgment was proper with regard to these counts. Van Ryswyk contests the summary judgment only as to the third and fourth counts, wherein he alleged that Berwick Bay was negligent in failing to disclose to him, prior to his accepting employment, that the president did not have the authority to offer him an employment contract for five years at a pay rate of $65,000 per year. We affirm.
Van Ryswyk alleged that he was a longtime friend of Herb Stathes, who was the president of Berwick Bay at the time Van Ryswyk was hired, and that he was recruited away from Shell Oil Company by Stathes to work for Berwick Bay. Van Ryswyk contends that during the employment negotiations, Stathes promised Van Ryswyk that he would be employed by the company for five years at a salary of $65,-000 per year. Van Ryswyk alleged that although he requested a written contract, Stathes refused, stating that the company would not go along with a written contract, and, therefore, the contract of employment was an oral one.
After having worked for Berwick Bay for approximately two and one-half years, Van Ryswyk was terminated by the company, which had recently undergone some changes in administration, one of which was the replacement of Stathes as president of the company. As a result of the termination of his employment, Van Ry-swyk contends that he has been unable to find work and was forced to make early withdrawals from retirement funds in order to meet his living expenses.
We have thoroughly reviewed the record in this case, and we conclude that the trial judge did not err in entering summary judgment with regard to Counts Three and Four. Berwick Bay made a prima facie showing that there was no genuine issue of material fact and that it was entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. Van Ryswyk failed to offer substantial evidence to rebut that showing and to warrant the submission of his claims to the jury. See § 12-21-12, Ala.Code 1975. We note that it is difficult to separate Van Ryswyk’s present claims from Counts One and Two, which were likewise dealt with by summary judgment. The only evidence Van Ryswyk offers to substantiate his claims pursuant to Counts Three and Four, if indeed, he would have a cause of action assuming substantial evidence was offered, is that during his deposition, John O’Niell, president of Berwick Bay, testified as follows:
“Well, I’m not sure — and I was — it really dawned on me today when I was talking to Mr. Galloway going through trying to remember the incidents. At some point the board of directors, as I told you earlier, set a limit on what Herb’s authority was, on a dollar limit. And it dawned on- me today that [Van Ryswyk’s] salary would probably be over that limit. And in discussions with Herb — and I don’t feel he would have— he should have felt he had the authority to enter into a contract, because he know how we felt about employee contracts.”
In a later affidavit, O’Niell stated that at the time the offer was made to Van Ry-swyk, Stathes had authorization with regard to the amount to be paid and with regard to the terms of employment. In addition, according to the affidavit of *293 O’Niell, Van Ryswyk’s termination had nothing to do with whether Stathes had or did not have the authority to hire him under the terms allegedly agreed upon.
Van Ryswyk offered no proof that the defendant owed him any duty whatever. While he argues that he and Stathes had a “confidential relationship,” he bases that argument solely on their longtime friendship, which we deem insufficient to indicate a duty on the part of the defendant.
For the foregoing reasons, the judgment is hereby affirmed.
AFFIRMED.
MADDOX, HOUSTON, STEAGALL and KENNEDY, JJ., concur.